FILED
2019 Jan-30  PM 01:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| **CANAL INDEMNITY COMPANY** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | Case: |
| ) | |
| **WILSON PROPERTIES, INC.;** ) | |
| **WPI ROOFING & CONSTRUCTION,** ) | |
| **INC; RUSSELL HEATH BROWN;** ) | |
| **SHANNON BROWN;** ) | |
| **HORACE BENNETT WILSON, JR.;** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Canal Indemnity Company ("Canal"), and for its Complaint for Declaratory Judgment, submits the following:

### *Parties, Jurisdiction and Venue*

1. This case arises from a civil action styled *WPI Roofing & Construction, Inc. v. Russell Heath Brown and Shannon Brown* pending in the Circuit Court of Lauderdale County, Alabama, bearing civil action number 41-CV-2015-900209.00 (the "underlying action"). (*See* Exhibit 1 – Complaint).

2. Canal is an insurance company incorporated and existing under the laws of the State of South Carolina with its principal place of business located in Greenville, South Carolina.

3. Wilson Properties, Inc. is a company incorporated and existing under the laws of the State of Alabama, with its principal place of business located in Lauderdale County, Alabama.

4. WPI Roofing & Construction is a company incorporated and existing under the laws of the State of Alabama, with its principal place of business located in Lauderdale County, Alabama. Exh. 1, ¶1.

5. Horace Bennett Wilson, Jr. (aka Benji Wilson) is over the age of nineteen years and is a resident citizen of Lauderdale County, Alabama. He intends to remain a citizen of Alabama.

6. Russell Brown is over the age of nineteen years and is a resident citizen of Lauderdale County, Alabama. He intends to remain a citizen of Alabama.

7. Shannon Brown is over the age of nineteen years and is a resident citizen of Lauderdale County, Alabama. She intends to remain a citizen of Alabama.

8. This is an action brought for declaratory judgment pursuant to 28 U.S.C. §2201 and §2202 and Rule 57 of the *Federal Rules of Civil Procedure*.

9. Federal subject matter jurisdiction exists in this matter pursuant to 28 U.S.C. §1332 because Canal is completely diverse from all defendants and the amount in controversy, as illustrated below, exceeds this Honorable Court's minimum jurisdictional limits of $75,000, exclusive of interest and costs.

10. There is a justiciable controversy which requires the Court to declare the rights, remedies, obligations and liabilities of these parties with respect to a policy of insurance issued by Canal.

*Facts*

11. On June 18, 2015, WPI Roofing & Construction, Inc. (WPI) filed the underlying action against individual defendants Russell and Shannon Brown (the "Browns"). In its Complaint, WPI alleges the Browns breached a construction contract by failing to make all

payments due thereunder.  WPI asserted counts for Breach of Contract, Conversion and Unjust Enrichment.  *Id*.

12. On August 10, 2015, the Browns filed a counterclaim against WPI and added defendant Benji Wilson.  In their countersuit, they allege that WPI and Wilson failed to construct the home according to the contract, failed to meet the deadlines contained in the contract, that WPI is charging them for labor and/or work that was paid for by their homeowners insurer and that WPI failed to construct the home in a workmanlike manner. They assert claims for Breach of Contract, Specific Performance; Money Had and Received; and Negligence and Wantonness.  (*See* Exhibit 2 – Counterclaim).  They seek unspecified compensatory and punitive damages, mental anguish damages, loss of income.

13. The construction contract called for a total payment of $92,406.79 plus changes. (*See* Exhibit 3 – Design and Build Contract).

14. The Browns allege in their counterclaim that WPI and/or Benji Wilson began construction on the home in April, 2014 and that they abandoned the job in October, 2014.  Exh. 2, ¶6.

15. On September 9, 2015, counsel for WPI filed an answer to the Browns' counterclaim. (*See* Exhibit 4 – Answer to Counterclaim).

16. On January 4, 2018, Notice of Occurrence was provided to Canal by Wilson Properties, Inc., seeking a defense to and indemnity for the claim asserted by the Browns against WPI.  (*See* Exhibit 5 – Notice of Occurrence Form).  The form stated that WPI had received the counterclaim via facsimile the preceding afternoon, more than two years and four months after an answer to the counterclaim had been field by WPI.  Canal is providing a conditional defense under a full reservation of rights.

*The Policy*

17. Canal issued a policy of commercial liability insurance to named insured Wilson Properties, Inc. bearing policy number GL85059, with an effective period from November 26, 2013 to November 26, 2014. (*See* Exhibit 6 – Policy). The policy is subject to a per occurrence limit of $1,000,000 and a completed operations aggregate limit of $1,000,000. *Id*.

18. The policy expired by its terms on November 26, 2014 and was not renewed. (*See* Exhibit 7 – Notice of Non-Renewal).

19. The policy provides the following coverage:

> ***SETION I – COVERAGES***
>
> ***COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY***
>
> ***1. Insuring Agreement***
>
> ***a.*** *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*
>
> . . .
>
> ***b.*** *This insurance applies to "bodily injury" and "property damage" only if:*
>
> ***(1)*** *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
>
> ***(2)*** *The "bodily injury" or "property damage" occurs during the policy period; . . .*

20. The policy designates an insured as follows:

> ***SECTION II – WHO IS AN INSURED***
>
> *1.   If you are designated in the Declarations as:*
>
> . . .
>
> *d.   An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. You stockholders are also insureds, but only with respect to their liability as stockholders.*

> . . .
>
> 3.   Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:
>
> a.   Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;
>
> b.   Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and
>
> c.   Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

21.   Section III, Who Is An Insured, is amended by the following endorsement:

### SPECIAL EXCLUSION ENDORSEMENT

### EXCLUSION – NEW ENTITIES *

*Part 3 of WHO IS AN INSURED (Section II) does not apply.*

22.   The coverage is subject to the following exclusions:

> **2. Exclusions**
>
>   This insurance does not apply to:
>
> a.   **Expected Or Intended Injury**
>
>   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> . . .
>
> k.   **Damage To Your Product**
>
>   "Property damage" to "your product" arising out of it or any part of it.
>
> l.   **Damage To Your Work**
>
>   "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
>   This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

23.   The coverage is subject to the following exclusions by endorsement:

### EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF

*This endorsement modifies insurance provided under the following:*

COMMERCIAL GENERAL LIABILITY COVERAGE PART

*Exclusion I. of* **Section I – Coverage A – Bodily Injury And Property Damage** *Liability is replaced by the following:*

**2. Exclusions**

*This insurance does not apply to:*

**I.   Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

. . .

### CONSTRUCTION DEFECT EXCLUSION

*This endorsement modified insurance provided under the following:*

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SECION I – COVERAGES**

**COVERAGE A.   BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**Exclusion q is added to this policy.**

**2. Exclusions**

*This insurance does not apply to:*

**q.  Construction Defect**

"Property damage" to "your work" arising out of it or any part of it due to actual or   alleged construction defect.

**Construction Defect includes but is not limited to:**

(1)  A defect in the design, construction, manufacturing, alteration, improvement, repair or landscaping of:

(a) a new residence or other new real property or a new appurtenance; or

(b) existing real estate or existing appurtenance, when the existing real estate or appurtenance is changed, altered, added to or improved.

(2) Physical damage to the real estate, an appurtenance or the real property to which the appurtenance is affixed that is proximately caused by the construction defect.

(3) **Construction Defect** is defined in any statute or ordinance of any governmental body.

24. The coverage is subject to the following conditions precedent:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

*. . .*

***2. Duties In The Event Of Occurrence, Offense, Claim Or Suit***

***a.*** *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*

*. . .*

***b.*** *If a claim is made or "suit" is brought against any insured, you must:*

> ***(1)*** *Immediately record the specifics of the claim or "suit" and the date received; and*
>
> ***(2)*** *Notify us as soon as practicable.*
>
> *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

***c.*** *You and any other involved insured must:*

***(1)*** *Immediately send us copies or any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

<u>COUNT ONE – DECLARATORY JUDGMENT</u>

25. Canal adopts and incorporates by reference the foregoing as if set forth fully herein.

26. WPI, Wilson and/or Wilson Properties Inc. seek a defense to and indemnity for the claims asserted by the Browns in their counterclaim.

27. An actual controversy exists with respect to whether Canal owes a duty to defend or indemnify them such that a declaration by this Court of the parties' respective rights and obligations under the policy is necessary.  Specifically, a controversy exists with respect to:

> a. The applicability of the coverages, conditions, exclusions and endorsements cited herein and contained within the policy of insurance issued by Canal;
>
> b. Whether the Browns have asserted claims against an "insured," as defined by the policy;

    c.    Whether, and to what extent, the claims asserted by the Browns constitute "occurrences" within the meaning of the policy;

    d.    Whether, to the extent the claims asserted by the Browns constitute occurrences, whether such occurrences took place during the Canal policy period;

    e.    Whether Wilson Properties, Inc. and/or Benji Wilson complied with notice conditions precedent to coverage;

    f.    Whether, to the extent coverage is triggered, the exclusions operate to preclude coverage for the defense of, and/or indemnity for, the Browns' claims;

28.    A real, bona fide controversy exists between the parties with regard to Canal's duties and obligations under the policy as to the existence or extent of coverage for the claims made in the underlying action.

WHEREFORE, Canal prays:

    a.    The Honorable Court take jurisdiction of this cause;

    b.    This Honorable Court order, adjudge and decree that there is a bona fide controversy between the parties as to their legal rights, duties, status and liability;

    c.    That upon final hearing of this cause, this Honorable Court will declare the rights, duties, status and legal relations under the applicable policy of insurance; and

    d.    Order such other, further or additional relief to which it may be entitled.

Respectfully submitted on this the 30th day of January, 2019.

/s/ John W Johnson II
John W Johnson II (ASB-1471-H69J)
Attorney for Plaintiff
Canal Insurance Company

**OF COUNSEL:**

**CHRISTIAN & SMALL LLP**
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone:   (205) 795-6588
Facsimile:   (205) 328-7234
jwjohnson@csattorneys.com

## PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

| | |
|---|---|
| WPI Roofing & Construction | Russell Heath Brown |
| Horace Bennett Wilson, Jr. | Shannon Brown |
| 112 S. Pine Street, Suite 202 | 240 Oakview Circle |
| Florence, AL 35630 | Killen, AL 35645 |